Case 1:14-cv-02745-RPM   Document 35   Filed 04/09/15   USDC Colorado   Page 1 of 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 14-cv-02745-RPM

TUNNE AHAMED SAID,

    Plaintiff,

v.

TELLER COUNTY,
TELLER COUNTY DETENTION CENTER,
TELLER COUNTY SHERIFF DEPARTMENT,
TELLER COUNTY BOARD OF COMMISSIONERS,
MIKE ENSMINGER, Sheriff of Teller County, in his official and individual capacities,
STAN BISHOP, Undersheriff of Teller County, in his official and individual capacities,
JASON MIKASELL, Detention Commander of Teller County, in his official and individual capacities,
TELLER COUNTY DETENTION SERGEANTS, in their official and individual capacities,
IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"),
THOMAS WINKOWSKI, Acting Director of ICE, in his official capacity,
JOHN LONGSHORE, Colorado ICE Field Director, hi his official capacity,
CARL ZABAT, Colorado ICE Enforcement and Removal Operations officer, in his official capacity,
STATE OF COLORADO,
JOHN HICKENLOOPER, Governor State of Colorado, in his official capacity,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Tunne Ahamed Said ("the Plaintiff") describes herself is as a devout, life-long Muslim. According to her religious beliefs, a woman should wear an hijab to cover her hair. The Plaintiff believes it is a grievous sin for any man, other than immediate family members, to see her without her hijab, and that it is a sin to pray without wearing the hijab. ¶ 8. The

Plaintiff's religious practices also include cleansing all exposed body parts immediately before kneeling to pray.  *Id.*; *see also* Pl.'s resp. to Federal Defs.' mot. at p. 2.  A prayer container is an essential accessory for that cleansing ritual.  ¶ 38.[1]

On or about July 1, 2014, the Plaintiff was placed in the custody of the federal Immigration and Customs Enforcement agency ("ICE").  ¶ 27.  She initially was detained in the "GEO detention facility," located at 3130 North Oakland Street, Aurora Colorado.

The Plaintiff was held in the GEO facility from July 1, 2014 through September 23, 2014.  ¶¶ 27 -29.  While there, she was permitted to wear her hijab.  ¶ 29.

On or about September 23, 2014, ICE transferred the Plaintiff to the Teller County Detention Center ("TCDC") in Teller County Colorado.  ¶ 31.  ICE detainees may be housed at the TCDC, pursuant to contractual relationships among Teller County, the State of Colorado, and the federal government.  *See* ¶¶ 8, 10, 17, 21.  Teller County receives federal funding for allowing ICE detainees to be held at the TCDC.  ¶ 32.  The TCDC is operated by the department of the Sheriff of Teller County.  ¶ 11.

Upon being admitted to the TCDC, the Plaintiff was required to remove her hijab and the Plaintiff's prayer container was confiscated. ¶¶ 34, 38.  The Plaintiff was furnished with a replacement container that held two fluid ounces.  ¶ 39.

The Plaintiff repeatedly requested that she be allowed to wear her hijab, explaining that she wore it for religious purposes.  The Plaintiff also asked that her prayer container be returned

---

[1] Paragraph symbols (¶) refer to paragraphs of the second amended complaint, filed January 29, 2015.

because the two-ounce container was insufficient to perform the cleansing ritual. ¶¶ 38, 41. The Plaintiff's requests were denied. ¶¶ 41-42.

On September 29, 2014, the Plaintiff's counsel requested that the Plaintiff be transferred from the TCDC on the ground that the Plaintiff's rights of religious freedom were being violated there. ¶ 45.

The Plaintiff was transferred back to the GEO facility on September 30, 2014. ¶ 46. The Plaintiff remains in the custody of ICE. ¶ 27.

The Plaintiff filed this action on October 7, 2014, complaining that her rights of religious freedom had been infringed during her seven-day incarceration at the TCDC. She alleges that during her confinement at that facility, she was exposed to and forced to interact with male officers and employees, which left her feeling vulnerable, scared, embarrassed, mortified, and disgraced. ¶ 37. The Plaintiff alleges that she was unable to pray at the TCDC without her hijab and prayer container. ¶ 43. The Plaintiff further alleges that being exposed to male guards without her hijab and being unable to pray at the TCDC caused her substantial emotional distress and made her feel depressed, ashamed, violated, and unable to sleep. ¶ 44. The Plaintiff complains only about the conditions of her confinement at the TCDC. She does not complain of any current deprivations of her religious freedom.

The complaint and first amended complaint named the following defendants:

 Teller County;

 Teller County Detention Center;

 Teller County Sheriff Department;

 Teller County Board of Commissioners;

 Mike Ensminger (Teller County Sheriff in his official and individual capacities);

 Stan Bishop (Teller County Undersheriff in his official and individual capacities);

 Jason Mikasell (Teller County Detention Commander in his official and

  individual capacities);[2]

 Unknown Teller County Detention Sergeants, in their official and individual capacities;

 Immigration and Customs Enforcement ("ICE");

 Thomas Winkowski (Acting Director of ICE);

 John Longshore (Colorado ICE Field Director, in his official capacity);

 Carl Zabat (Colorado ICE Enforcement and Removal Operations Officer, in his official

  capacity);

 State of Colorado, and

 Governor John Hickenlooper (in his official capacity).

*See* Compl. [#1] & First Am. Compl. [#5].

 On November 13, 2014, the Plaintiff voluntarily dismissed her claims against the State of Colorado and Governor Hickenlooper [#12].

---

[2]According to the Defendants, the correct spelling of this defendant's surname is Mik**e**sell (not Mikasell).

-4-

The operative complaint is the second amended complaint, filed January 29, 2015. That pleading identifies the defendants as "Teller County, et al." It is assumed that the defendants named in the second amended complaint are the same as those named in the first amended complaint, with the exception of the State of Colorado and Governor Hickenlooper.

The Plaintiff seeks equitable and monetary relief for alleged violations of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. §§ 2000bb through 2000bb-4; the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc et seq., and 42 U.S.C. § 1983.[3] The second amended complaint does not identify which claims are asserted against which defendants.

For ease of reference, Defendants ICE, Director Winkowski, Field Director Longshore and Officer Zabat are referred to as "the Federal Defendants."

For ease of reference, the following named defendants are referred to collectively as the "Teller County Defendants":   Teller County; Teller County Detention Center; Teller County Sheriff's Department; Teller County Board of County Commissioners; Sheriff Mike Ensminger (in his official and individual capacities); Undersheriff Mike Bishop (in his official and individual capacities), and Teller County Detention Commander Jason Mikesell (in his official and individual capacities).

The Federal Defendants moved pursuant to Fed. R.Civ.P. 12(b)(1) and 12 (b)(6) for dismissal of the Plaintiff's claims against them.

---

[3]The second amended complaint does not refer to the RFRA by name, but cites the statute, 42 U.S.C. § 2000bb et seq.

The Plaintiff concedes that the RLUIPA does not apply to her claims against the Federal Defendants.  *See* 42 U.S.C. § 2000cc-5(4)(A) & (B).

The Plaintiff contends the Federal Defendants violated the RFRA, which provides as follows:

> (a) In general
>
> Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section.
>
> (b) Exception
>
> Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person--
>
>> (1) is in furtherance of a compelling governmental interest; and
>>
>> (2) is the least restrictive means of furthering that compelling governmental interest.
>
> (c) Judicial relief
>
> A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. Standing to assert a claim or defense under this section shall be governed by the general rules of standing under article III of the Constitution.

42 U.S.C. § 2000bb-1.

The Federal Defendants argue that the Plaintiff's RFRA claim fails because the complaint does not allege that the Federal Defendants took any action or failed to take any action that substantially burdened the Plaintiff's exercise of religion.  They point out that there are no allegations that any of the Federal Defendants were present at the TCDC when the Plaintiff was

forced to remove her hijab and when her prayer container was confiscated.  There are no allegations that the Federal Defendants were even aware of those events when they occurred.

The Plaintiff explains that she seeks relief against ICE for "negligent oversight" of the TCDC and "negligent transfer" of the Plaintiff to that facility.  The Plaintiff apparently contends that because the TCDC is an ICE contract facility, the Federal Defendants are liable for failing to prevent allegedly illegal policies of the TCDC, or alternatively, that the Federal Defendants are vicariously liable for conduct of the Teller County Defendants.

The Plaintiff has not provided any legal authority supporting either theory of liability under the RFRA.  The Plaintiff's RFRA claim against the Federal Defendants is not viable because there are no allegations that those Defendants took any action or failed to take any action that substantially burdened the Plaintiff's exercise of religion.

In addition, this Court lacks authority to order relief against the Federal Defendants.  The RFRA does not waive the federal government's sovereign immunity for money damages.  *See Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022 (D.C. Cir. 2006) (reasoning that RFRA's textual reference to "appropriate relief" is not an unequivocal waiver of sovereign immunity); *accord Davila v. Gladden*, 777 F.3d 1198 (11th Cir. 2015); *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 841 (9th Cir. 2012).  The RFRA waives the federal government's sovereign immunity for equitable relief only, and, as discussed more fully below, the Plaintiff's requests for injunctive and declaratory relief are moot.

The Teller County Defendants also moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), arguing that the Plaintiff's claims against them fail for a variety of reasons.

The Plaintiff's claims against the Teller County Defendants could only be claims pursuant to the RLUIPA and/or 42 U.S.C. § 1983.  The Teller County Defendants are not subject to suit under the RFRA.  *See City of Boerne v. Flores*, 521 U.S. 507 (1997) (holding that RFRA, as applied to the states, exceeded Congress' enforcement authority under § 5 of the Fourteenth Amendment).

Section 1983 is not itself a source of substantive rights.  The complaint does not identify any basis for her § 1983 claim against the Teller County Defendants, other than the RLUIPA.

The RLUIPA prohibits the government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by "the least restrictive means."  42 U.S.C. § 2000cc-1(a).

The Teller County Defendants do not dispute that the Sheriff is the official policy maker for the TCDC, and they acknowledge that an official capacity claim against the Sheriff is an appropriate means of asserting a civil rights claim directed to policies of the TCDC.  The Defendants correctly point out that the Plaintiff has named defendants who are not proper parties to such a claim.

"Teller County" is an improper designation because an action against the County must be brought in the name of the Board of County Commissioners. The "Board of County Commissioners" is not a proper defendant.  Under the Colorado Constitution, the county sheriff is a distinct position, separate from the Board of County Commissioners.  *See* Colo. Const. Art. XIV, § 6 (election of county commissioners); § 8 (election of sheriffs and other county officers).

The Board is not the employer of and does not exercise control over the Sheriff. The Board of County Commissioners is not subject to liability for the policies of the TCDC.

The "Teller County Sheriff's Department" is not a proper party because it is not a distinct entity. The "Teller County Detention Center" cannot be sued because it is a building.

The Plaintiff's section 1983 "official capacity" claims against Undersheriff Bishop and Commander Mikesell are improper because those claims duplicate the official capacity claim(s) against Sheriff Ensminger.

The Plaintiff's RLUIPA claim against Sheriff Ensminger, Undersheriff Bishop, and Commander Mikesell in their individual capacities are improper because the RLUIPA does not authorize individual liability. *Stewart v. Beach*, 701 F.3d 1322, 1333-35 (10th Cir. 2012).

More importantly, the Plaintiff's claims against the Teller County Defendants fail entirely because this Court lacks authority to provide the relief requested. The Plaintiff seeks declarations that the Teller County Defendants violated the RLUIPA (and section 1983). She requests a permanent injunction requiring the Defendants to permit the Plaintiff to wear her hijab and prohibiting the Defendants from infringing on her right to pray while she is in custody. The problem with those requests is that the Plaintiff is no longer being held at the TCDC, and she is no longer subject to its policies. The Plaintiff does not contend that she is unable to wear her hijab at the facility where she is now being held or that she is currently unable to engage in her Muslim prayer rituals.

The Plaintiff's transfer from the TCDC renders moot her requests for declaratory and injunctive relief concerning that facility. *See Jordan v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011) (transfer between prisons moots claims for declaratory and injunctive relief against

officials at former prison); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). Contrary to the Plaintiff's arguments, her claims do not fall within a recognized exception to the mootness doctrine, such as the "voluntary cessation" exception or "capable of repetition yet evading review." *See Jordan*, 654 F.3d at 1034-37.

The Plaintiff argues that her claims about the TCDC's policies survive because her requested relief includes money damages. That argument fails. Monetary relief is not available under the RLUIPA. *See Sossamon v. Texas*, __ U.S. __, 131 S.Ct. 1651, 1663, 179 L.Ed.2d 700 (2011) ("States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA...."). The private right of action conferred by section 1983 cannot be employed to obtain relief that is unavailable under RLUIPA's own enforcement provisions.

A constitutional violation could provide the basis for damages under section 1983, but the complaint does not refer to any provision of the United States Constitution.

Even if the Plaintiff could state a plausible First Amendment claim, Sheriff Ensminger, Undersheriff Bishop or Commander Mikesell are entitled to qualified immunity from suit under section 1983. Qualified immunity shields "government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine the applicability of that doctrine, the court must consider (1) whether the plaintiff has sufficiently alleged a statutory or constitutional violation; and (2) whether the legal duty was clearly established at the time of the

alleged violation. The court has discretion to decide which prong of the analysis to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A right is considered clearly established only if it has been acknowledged in decisions by the Supreme Court, the Tenth Circuit, or the weight of authority elsewhere. *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998). The facts in these decisions need not be identical, but the cases must provide enough notice to alert the defendant to the constitutional right. *Green v. Post*, 574 F.3d 1294, 1299-1300 (10th Cir. 2009); *see also Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (A right is clearly established if the contours of the right are "sufficiently clear [so] that a reasonable official would understand that what he is doing violates that right.")

It is not enough for the Plaintiff to cite cases showing that inmates retain protections guaranteed by the First Amendment. To define the subject right, an additional level of specificity is required. *See Stewart*, 701 F.3d at 1330-31 ("[A] more precise definition does not lead to an overreliance on factual similarity but to a proper reliance.") The rights of religious freedom claimed by the Plaintiff were not clearly established at the time of the alleged violations.

Based on the foregoing, it is

ORDERED that the Federal Defendants' motion for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6) is granted [#30], and it is

FURTHER ORDERED that the Teller County Defendants' motion for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6) is granted [#29].

The Plaintiff's claims against the State of Colorado and Governor John Hickenlooper were voluntarily dismissed on November 13, 2014.

The Clerk shall dismiss this civil action with prejudice.

Dated:  April 9, 2015

                                BY THE COURT:

                                s/Richard P. Matsch

                                _____

                                Richard P. Matsch, Senior Judge